HOWARD KENNEDY, p. b., appellant *vs.*. JAMES MURDICK, d. b.
respondent.

A negociable instrument imports a consideration, and the plaintiff is not obliged to prove a consideration, except in cases of fraud.

A conditional note must be declared on as a special agreement; and the plaintiff must prove performance of the condition.

APPEAL from a justice of the peace; in an action of assumpsit on a promissory note, dated May 25, 1848, for $100, payable in sixty days to plaintiff or order.

*Mr. Huffington.*—The note was given for personal services in relation to certain mail contracts. It was on condition that a certain mail contract was obtained. The contract was not obtained. The defendant called a witness to prove this condition.

*Mr. Whiteley* objected, that he had no notice that the consideration of the note was to be attacked; and it was not competent for the maker to attack the consideration of a note, withot notice. The old law required the defendant to disprove the consideration; but the recent decisions put the plaintiff on proof of consideration, *with notice ;* but without notice the consideration cannot be attacked. (*Schuylkill Bank* vs. *Waples, MS.,* Sussex, October term, 1847.)

*The Court* referred to their notes of the case referred to, and found it was an action by an *indorser* against the maker of a note, in which it was decided on the authority of *Bush* vs. *Peckard,* 3 *Harr. Rep.,* 385, that *as between indorser and indorsee,* the consideration could not be attacked without notice.

*Mr. Whiteley* having been misled by a misunderstanding as to this decision, asked the court to order a juror withdrawn and continue the cause, which was refused.

Mr. Staats, (under notice to produce a letter,) proved contracts, viz: of a letter from Murdick to Kennedy, dated May 25, 1848, instructing him to make at Washington, certain bids for the mails, adding "I have drawn a note for $100, payable to your order, a⁺ sixty days, for you, provided you get my bid from the post office."

The proof closed with this letter, and the case went to the jury.

*Mr. Whiteley.*—The defendant has not proved any want of consideration.

*Mr. Huffington.*—I am not called on to prove a negative. I have shown that the note was given on a condition. It is for the plain-

tiff to prove a performance of the condition otherwise he cannot equitably claim the money.

*Mr. Whiteley.*—The defendant is bound to prove a total *failure* of the consideration. The amount of the letter is, that he will give $100, if he gets the contract. We have the note for $100, and the implication is, that the contract was obtained.

*The Court,* on this evidence, allowed the defendant to attack the consideration of this note; and charged that under the general issue, the defendant might avail himself of any defence which goes to show that the plaintiff could not at the commencement of the suit eqitably claim the money. Though a note imports a consideration, yet if the defendant shows a condition on the performance of which the consideration depends, he cannot recover without proof of its performance.

Verdict for the defendant.

The plaintiff afterwards moved for a new trial, on the following grounds :—1. That the court permitted the defendant to go into proof of failure of consideration of the promissory note, without proof of notice to the plaintiff. 2. Because the court erred in charging, that if there was any proof that the promissory note was given on a condition, that it was incumbent on plaintiff to prove he had performed the condition. 3. Because the court put the onus of proof of consideration on the plaintiff.

*Mr. Whiteley.*—1. In England, in the common pleas, such notice is required; in the King's bench it is not required, but advised. The practice here is not certain. 2. The English cases, as to the burden of proof, have been conflicting; it is now settled there and in the United States, that the payee of a promissory note is never obliged to prove a consideration, unless the note was obtained by fraud or duress. (*Chitty on Bills,* 78-9; 3 *Blackford's Rep.* 276; 2 *Strange,* 674; 7 *Johns. Rep.* 321; 2 *Tyrwhitt Rep.,* 396; 13 *Wend. Rep.,* 557, 12 *Ib.,* 484; 8 *Cowen Rep.,* 31; 1 *Meeson & Welsby,* 4°5; 22 *Eng. Com. Law. Rep.,* 49.)

*Mr. Huffington.*—I do not dispute the authorities cited, but distinguish the case. I agree that prima facie a promissory note imports a consideration; but I deny that this obliges the defendant to prove there was no consideration, after he proves the note was given on a condition precedent. The plaintiff is obliged in that case, to prove performance of the condition. The proof was that a letter accompanied the note, stating that it was given on condition that

the plaintiff procured a certain mail contract for the defendant. The letter thus became a part of the promissory note, and if it was torn off by the plaintiff, it does not excuse him from proving the condition on which the note was given. That condition is the consideration of the note, and without its performance there is no consideration. It was a condition precedent, which the plaintiff was bound to aver and prove. (3 *Johns. Rep.*, 149 ; 2 *Burr. Rep.*, 899; 10 *Johns. Rep.*, 238.) The defendant cannot prove a negative. The burden of proof lies on the person who is bound to show any fact particularly within his own knowledge. (2 *Camp. Rep.*, 205.)

*Whiteley*, in reply.—If the principle stated in the charge, and maintained in this argument, be correct, it stops the negociability of promissory notes. Unless the condition appears on the face of the note, the plaintiff may sue without any proof of consideration, and the defendant must prove both the condition and its non-performance. The case cited from *Johnson* is not on a promissory note at all. It was a mere contract for payment of money when collected. The case in *Burrows' Reports* does not apply, nor the case from 10 *Johnson*. They are not on promissory notes.

There is nothing in the idea of impossibility of proving a negative. The evidence from the post office department will as easily prove that a certain contract was not procured, as that it was.

*By the Court.*

HARRINGTON, *Judge.*—The defence changes this note from the character of a negociable instrument into a mere agreement; a conditional contract. A promissory note cannot be on a contingency; if the money be not payable *at all events*, the instrument must be treated as a special agreement. (5 *Term Rep.*, 482.) If a condition appear on the face of an instrument, or is so connected with it as to form a part of the instrument, it must be declared on as a conditional contract; and the plaintiff must prove performance of the condition. If the face of a paper shows a negociable instrument, a note or bill of exchange, it imports a consideration, and the plaintiff is not bound to prove consideration, except in cases of fraud in the execution or possession of the instrument. The want of consideration, or other defence, must be proved by the defendant.

These are the principles. We have had some difficulty in applying them to this case. Was the condition set up here as the consideration of this note, a part of the note? On its face it is a pro-

missory note for $100, payable in the usual form to H. Kennedy *or order.* But it is proved that this note originally formed part of a letter addressed by Murdick to Kennedy, in which he says he has drawn a note for $100, payable to Kennedy's order at sixty days, *provided* he should get a certain contract from the post office department. The court in charging the jury, were inclined to connect the letter with the note; and required the plaintiff to prove the performance of the condition. In *Leeds et al* vs. *Lancashire,* (2 *Camp.,* 205,) the court held an endorsement *on the back* of a note of its conditional character, a part of the instrument; but we think the court here went too far in making this letter a part of the instrument. It was mere evidence of the condition on which this note, absolute on its face, was given; and only better than a parol understanding to the same effect between the parties, as being more easily proved. If by connecting the letter with the note, they became one instrument, the plaintiff was bound to declare on it as a special agreement, and to aver and prove performance of this condition precedent. But when the note is for payment of money absolutely, the onus is on the defendant to prove want of consideration, which he does not do by merely proving a condition; he must show that the condition was not performed. If there be no proof on that subject, the case stands on the legal presumption of a consideration arising from the character of the instrument, and from the plaintiff's possession of it.

If this rule should operate hardly on the defendant, it is necessary to sustain a general principle, and preserve the negociability of such instruments; and it arises from his own folly in giving an absolute note, without expressing the conditional character of its consideration.

We think, therefore, that we erred in the charge to the jury on this point; and that there ought to be a new trial.

Rule absolute.

*Whiteley,* for plaintiff.
*Huffington,* for defendant.